**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20338-ALTMAN**

**UNITED STATES OF AMERICA**

**v.**

**EMILY SMITH a/k/a**
**"Melissa Truesdell," a/k/a**
**"Isabella Lux,"**

**Defendant.**
______________________________________/

**MOTION FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Crim. P. 16(d), the Government, hereby files this Motion for Protective Order, and respectfully requests that the Court enter the attached proposed order restricting the dissemination of material disclosed to the defendants pursuant to the Standing Discovery Order. In support thereof, the Government states as follows:

1. A federal grand jury returned an indictment charging the defendant with three counts of cyber harassment, in violation of 18 U.S.C. Section 2261A. The Defendant was subsequently arraigned, and the Standing Discovery Order (SDO) was entered.

2. The Defendant has been convicted of contacting recipients of restraining orders, including while incarcerated. *See Illinois v. Truesdell*, 2026CM00606 (180 day sentence); *Illinois v. Truesdell*, 2026CM000510-395 (212 day sentence).

3. The Discovery in this case contains personal identifying information of the defendant and other individuals, victims, and witnesses, including social security numbers, and dates of birth.

4. Pursuant to the Order, the United States seeks to disclose to defense counsel records and documents that contain this sensitive private information. In order to comply with its discovery

obligations, undersigned counsel must produce, or make available to inspection, those documents containing sensitive personal identifying information. The documents and files in question are voluminous, therefore redacting them for personal identifying information is impracticable. The instant motion and proposed order seek to achieve the purpose of prompt disclosure of discovery by the government to the defendant while simultaneously protecting the privacy rights of third parties, including victims.

5. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

6. In light of the foregoing, the Government respectfully requests that the Court enter an order placing the following restrictions on the discovery materials made available to the defendants in this case:

a. Counsel for the Government and for the defendant shall not provide the material responsive to the Standing Discovery Order to any person except as specified in the Court's Order or by prior approval of the Court.

b. Counsel for the defense shall possess the material responsive to the Standing Discovery Order only as necessary for counsel to prepare the case.

c. Employees for the defense may possess the material responsive to the Standing

Discovery Order, but only as necessary to prepare the case.

d. Third parties contracted or employed by the defense to provide investigative services or expert analysis, or testimony may possess the material responsive to the Standing Discovery Order, but only as necessary to prepare the case.

e. Counsel for the defendants shall ensure that the defendant and any third party that obtains access to the material responsive to the Standing Discovery Order are provided a copy of the Court's Order and must obtain a written certification from each person, excluding employees of the defense counsel, in which the recipient (a) acknowledges these restrictions as set forth in the Court's Protective Order, and (b) agrees that they will not disclose or disseminate the information without express written consent of the Court. Defense counsel shall keep a copy of each certification to identify the individuals who received the discovery and the date on which such information was disclosed. No third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall retain such access or possession unless authorized by the Court's order. Any third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall promptly destroy or return the materials once the third party no longer requires access to or possession of the material responsive to the Standing Discovery Order to assist in the preparation of the case.

f. The defendant shall not maintain discovery materials at the Federal Detention Center or other jail facility without defense counsel present in order to prevent the purposeful or unintentional dissemination of discovery. Should the defendant wish to review discovery materials without defense counsel present, defense counsel should provide

the defendant with properly redacted copies of requested document(s).

g. Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the defendant shall destroy or cause to be destroyed all copies of the material responsive to the Standing Discovery Order, except that they may maintain copies in their closed case files following their ordinary procedures.

h. Counsel for the Government and for the defendants shall promptly report any known violations of the Court's order to the Court.

7. The undersigned has conferred with counsel for the defendant who opposes to the entry of an order consistent herewith.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: */s/ Daniel Rosenfeld*
Daniel Rosenfeld
Assistant United States Attorney
Court ID No. A5503081
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9268
Email: Daniel.Rosenfeld@usdoj.gov