**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20338-ALTMAN**

**UNITED STATES OF AMERICA**

**v.**

**EMILY SMITH a/k/a**
**"Melissa Truesdell," a/k/a**
**"Isabella Lux,"**

**Defendant.**
______________________________________/

**PROTECTIVE ORDER GOVERNING DISCLOSURE OF**
**PERSONAL IDENTIFYING INFORMATION**

The Government has filed a motion for a protective order [ECF No. 25] ("Motion"). In the Motion, the Government asks the Court to regulate the disclosure to defense counsel of sensitive information. *Id*. Having found good cause, the Court hereby **ORDERS** and **ADJUDGES** as follows:

(1) The Government shall disclose to the Defendant sensitive information in its possession as it deems necessary to comply with its discovery obligations.

(2) Counsel for the defense shall possess the material responsive to the Standing Discovery Order only as necessary for counsel to prepare the case.

(3) Employees of defense counsel may possess the material responsive to the Standing Discovery Order, but only as necessary to prepare the case.

(4) Defense-contracted third parties providing investigative services, expert analysis, or testimony may possess the material responsive to the Standing Discovery Order, but only as necessary to prepare the case.

(5) Counsel for the defendant shall ensure that the defendant, and any third party who obtains access to the material responsive to the Standing Discovery Order, are provided a copy of the Court's Order. Third parties who obtain access to, or possession of, the material responsive to the Standing Discovery Order shall not retain such access or possession unless authorized by the Court's order. Any third party who obtains access to, or possession of, the material responsive to the Standing Discovery Order shall promptly destroy or return the materials once the third party no longer requires access to, or possession of, the material responsive to the Standing Discovery Order to assist in the preparation of the case.

(6) The defendant shall not maintain discovery materials at the Federal Detention Center or other jail facility without defense counsel present in order to prevent the purposeful or unintentional dissemination of discovery. The defendant may review discovery materials without defense counsel present only after defense counsel provides the defendant with properly redacted copies of requested document(s).

(7) Defense counsel agrees that, when this case is over, it will destroy (or return to the Government) the discovery it received.[1]

(8) Counsel for the Government and for the defendant shall promptly report any known violations of the Court's order to the Court.

[1] The case will be considered over at the conclusion of any appellate and § 2255 proceedings or, if the Defendant doesn't appeal or file a habeas petition, when the period for appealing or filing a habeas petition has expired.

**DONE AND ORDERED** in the Southern District of Florida on October 2, 2026.

__________________________________
ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record