**STATE OF ILLINOIS** **UNITED STATES OF AMERICA** **COUNTY OF DU PAGE**

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

PEOPLE OF THE STATE OF ILLINOIS

VS.

MELISSA TRUESDELL
DEFENDANT

2026CM000606-0001
**CASE NUMBER**

DCN NUMBER

☐ Resentence

**FILED**

**26 Aug 06 AM 11: 18**

Candice Adams

**CLERK OF THE**
**18TH JUDICIAL CIRCUIT**
**DUPAGE COUNTY, ILLINOIS**

File Stamp Here

## CRIMINAL SENTENCE ORDER

Plea of NOT GUILTY
Finding of GUILTY VERDICT BY JURY on 07/29/2026
Sentence is CONTESTED

The Court hereby orders that the Defendant is sentenced as follows on the charge of
VIOLATION OF STALKING NO CONTACT ORDER
In violation of 720 ILCS 5/12-3.9(a) a Class A MISDEMEANOR

Conviction is entered.
Defendant is sentenced to serve 180 day(s) in DuPage County Jail with credit for 128 days. IT IS FURTHER ORDERED that the defendant is eligible to receive good behavior credit at 50% pursuant to the County Jail Good Behavior Act.
Defendant is sentenced to Probation for a term of 2 yr(s). During that time the Defendant shall:

1. Not violate any criminal statute of any jurisdiction.
2. Immediately notify the Defendant's probation officer of any arrest.
3. Report to, or appear before such person or agency as directed by the Court.
4. Appear before the Court in person as directed by the Defendant's probation officer or the Court.
5. Not leave the State without the consent of the Court.
6. Permit the probation officers to visit the Defendant's home or elsewhere, to the extent necessary to discharge the officers' duties.
7. Inform the Defendant's probation officer in writing, within 7 days, of any change of employment or place of residence. The Defendant may not reside outside of DuPage County without prior approval of the Defendant's probation officer.
8. Consent to the Department of Probation and Court Services to divulge information to comply with this Court order.
9. Refrain from using any illicit drug.
10. Comply with sanctions imposed by the Probation Department for any violation of the terms and conditions of this order consistent with administrative rule.
11. Work at a lawful occupation, and/or further the Defendant's education, and



Visit http://www.i2file.net/dv to validate this document. Validation ID: DP-08062026-1118-0342

support the Defendant's dependents.

12. Make a final report to Court on 08/04/2028 at 08:30 AM in courtroom 4001.
13. The Court further finds that the Defendant is entitled to receive credit for 128 days actually served in custody.
14. Submit to any and all counseling deemed appropriate by the Probation Department, to include PER PROBATION counseling.
15. Have no contact, directly or indirectly, with [redacted] [redacted], [redacted] [redacted], [redacted] [redacted].
16. Have no harmful or offensive contact, directly or indirectly, with [redacted] [redacted], [redacted] [redacted], [redacted] [redacted], ANY STATE'S ATTORNEY'S OFFICE PERSONNEL.
17. Submit to urinalysis testing as deemed appropriate by the Probation Department and pay $15.00 per urinalysis test.
18. Pay all fines, costs, fees and assessments on or before the final report date.
19. DEFENDANT PRESENT IN CUSTODY OF DUPAGE COUNTY SHERIFF WITH COUNSEL.

DEFENDANT IS SENTENCED TO ONE HUNDRED EIGHTY (180) DAYS IN DUPAGE COUNTY JAIL AT 50% WITH CREDIT FOR ONE HUNDRED TWENTY EIGHT (128) DAYS ALREADY SERVED.

DEFENDANT SHALL COMPLETE A MENTAL HEALTH EVALUATION AS DIRERECTED BY PROBATION AND FOLLOW ALL RECOMENDATIONS (THERAPY, MEDICATION, AND OTHER) EXACTLY AS RECOMMENDED.

DEFENDANT SHALL COMPLETE ALL OTHER EVALUATIONS COUNSELING RECOMMENDED BY PROBATION.

DEFENDANT SHALL EXECUTE ALL RELEASES OF INFORMATION AND WAIVERS NECESSARY TO SECURE THE FREE FLOW OF INFORMATION BETWEEN THE PROBATION DEPARTMENT AND ANY PRIVATE TREATMENT PROVIDERS.

DEFENDANT SHALL HAVE NO CONTACT WITH [redacted] [redacted] OR [redacted] [redacted] OR THEIR HOUSEHOLD MEMBERS IN ANY WAY, AND SHALL STAY AT LEAST 1000 FEET AWAY FROM THEIR RESIDENCES OR PLACES OF EMPLOYMENT, EXCLUDING THE DUPAGE COUNTY COURTHOUSE.

DEFENDANT SHALL HAVE NO CONTACT WITH [redacted] [redacted] AND NO HARMFUL OR OFFENSIVE CONTACT WITH ANY STATE’S ATTORNEY’S OFFICE PERSONAL.

DEFENDANT SHALL NOT POSSESS A FIREARMS OWNERS IDENTIFICATION CARD, OR POSSESS OR PURCHASE ANY FIREARMS, FIREARMS ACCESSORIES, OR AMMUNITION.

DEFENDANT SHALL NOT ENGAGE IN ANY BEHAVIOR INTENDED TO HARASS THREATEN OR INTIMIDATE [redacted] [redacted] OR [redacted] [redacted], EITHER DIRECTLY OR INDIRECTLY IN ANY MATTER, INCLUDING BUT NOT LIMITED TO POSTING ABOUT EITHER PERSON ON SOCIAL MEDIA OR POSTING ANY REFERENCES OR COMMENTS ABOUT THEIR BUSINESSES ONLINE.

DEFENDANT SHALL COMPLY WITH ALL CONDITIONS ORDERED IN THE EMERGENCY STALKING NO CONTACT ORDER IN DUPAGE COUNTY CASE 25OP908 ENTERED ON JUNE 3, 2025.

THE COURT ADMONISHES DEFENDANT AS TO APPELLATE RIGHTS.

Evidence shall be disposed after 45 days unless there are more court filings.

Plaintiff's Attorney:

Defense Attorney: File Date: 08/06/2026

Date