**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cr-20338-ALTMAN**

**UNITED STATES OF AMERICA**,

*v.*

**EMILY SMITH**,

*Defendant.*
_________________________________/

**AMENDED TRIAL ORDER**

The Defendant, Emily Smith, has filed an Unopposed Motion to Continue Trial and Related Dates (the "Motion") [ECF No. 30]. The Government does not oppose the Motion. *See id.* at 2. In the Motion, the Defendant asks the Court to continue this trial. In support, the Defendant says:

> Undersigned counsel was appointed to represent Ms. Smith on October 30, 2026. The Government has provided a very small portion of the discovery and is in the process of providing the rest. Discovery is said to be voluminous. More time is needed to review and analyze the discovery to prepare an adequate and complete defense for Ms. Smith. Undersigned is also unavailable for trial on November 16, 2026, as counsel is already scheduled to begin another trial on that date in the District Court in Palm Beach before Judge Ed Artau in United States v. Pedro Rodriguez, 25-CR-20418-EA. Under the Speedy Trial Act, 18 U.S.C.S. 3161, a continuance is appropriate because the ends of justice are served by taking such action and outweigh the interest of the public. Emily Smith waives her right to a speedy trial under this section and the Constitution for the amount of time the Court will allow for a continuance.

*Id.* at 1–2.

Having carefully reviewed the Motion, the Court agrees (for the reasons set out in the Motion) that the parties need and deserve more time. Specifically, the Court finds, under 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting this continuance outweigh the best interests of the public and the Defendant in a speedy trial. The Court further finds that, under 18 U.S.C. § 3161(h)(7)(B)(i), failure to extend the trial period would result in a miscarriage of justice, and that, under 18 U.S.C. § 3161(h)(7)(B)(iv), failure to extend the trial period would "deny counsel for the

defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

After careful review, therefore, the Motion [ECF No. 30] is **GRANTED**. The delay resulting from this continuance—from the day the Motion was filed, November 4, 2026, through the new trial date, January 4, 2027—shall be considered excludable time under the Speedy Trial Act. *See* 18 U.S.C. §§ 3161(h)(7)(A) & 3161(h)(7)(B). This case is thus set for a **Criminal Jury Trial** at 400 N. Miami Avenue, Courtroom 12-4, Miami, Florida, 33128, during the two-week period beginning **Monday, January 4, 2027**. A **Calendar Call** will be held at **1:30 p.m. on Wednesday, December 9, 2026**, at the same location. The deadline for the scheduling of guilty pleas is **December 28, 2026**. *See, e.g.*, *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999) (citing *United States v. Ellis*, 547 F.2d 863, 868 (5th Cir. 1977)). The Defendant's appearance is required **<u>at all hearings</u>**.

It is further **ORDERED** that:

1. All affirmative expert disclosures required by Local Criminal Rules 88.10(o)(3)(B)(i) (governing affirmative expert disclosures under Federal Criminal Rule 16(a)(1)(G)) and 88.10(o)(3)(B)(iii) (governing affirmative expert disclosures under Federal Criminal Rule 16(b)(1)(C)) must be made by **November 17, 2026**.

2. All pre-trial motions and motions in limine must be filed by **November 23, 2026**. Each party is limited to one motion in limine. If there are multiple defendants, the

defendants shall file one combined motion. Motions in limine may not, without leave of Court, exceed the page limits allowed by the Local Rules.

3. All requests for writs ad testificandum must be filed no later than 14 business days before the first day of the scheduled trial period.

4. All rebuttal expert disclosures required by Local Criminal Rules 88.10(o)(3)(B)(ii) and 88.10(o)(3)(B)(iv) must be made by **December 7, 2026**.

5. All responses to the Standing Discovery Order or Local Rule 88.10 shall be provided in a timely fashion in accordance with the dates scheduled by the Magistrate Judge. Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal Rules of Criminal Procedure may result in sanctions. Any notice submitted under Federal Rule of Evidence 404(b) shall include a specific factual basis for the evidence the Government wants to introduce.

6. To the extent required by Local Rule 88.9, all motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion. Email communications shall not be sufficient to constitute conferral. Counsel must actually speak to one another, either in person or over the phone, in a good faith effort to resolve their disputes.

7. Counsel shall be prepared to conduct limited *voir dire* after the Court's questioning of the panel. At any time before the **Calendar Call**, each party may file **no more than five** proposed *voir dire* questions for the Court to ask of the venire.

8. Before the **Calendar Call**, the parties shall submit, in Word format, *via* e-mail to altman@flsd.uscourts.gov, a single set of proposed jury instructions, including substantive charges and defenses, and a verdict form. For instructions on filing

proposed documents, please see http://www.flsd.uscourts.gov. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form *jointly*. **Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by the Government shall be underlined**. ***Instructions proposed solely by the defense shall be italicized***. Every instruction must be supported by citations to authority. Any proposed instruction that *modifies* an instruction from the Eleventh Circuit's Pattern Jury Instructions must *both* note the modification *and* delineate the modification in redline (or track changes).

9. Before the **Calendar Call**, counsel shall file lists of proposed witnesses and exhibits. All exhibits must be pre-labeled in accordance with the proposed exhibit list. Government exhibits shall be designated numerically; defense exhibits will proceed alphabetically.

10. If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with *all* counsel **before** the **Calendar Call**. If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

11. The Government must turn over to defense counsel all Jencks Act[1] material by the day of the **Calendar Call**. The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt.

12. Upon receipt of this Order, counsel for each defendant shall certify with the Court's courtroom deputy whether that Defendant requires the aid of an interpreter. In

---

[1] 18 U.S.C. § 3500.

addition, all parties must notify the Court, at least 24 hours before any hearings or trial, if an interpreter is required.

13. At least **seven days** before the scheduled trial date, defense counsel must make arrangements with the Bureau of Prisons for appropriate clothing for their in-custody clients.

14. The parties shall comply with Local Rule 88.5, which requires the filing of speedy trial reports every 20 days hereafter until the time of trial or plea.

15. Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders, which must be filed as attachments to those motions. **FURTHERMORE, PURSUANT TO CM/ECF ADMINISTRATIVE PROCEDURES, PROPOSED ORDERS SHALL BE SUBMITTED TO THE COURT BY E-MAIL IN WORD FORMAT TO** altman@flsd.uscourts.gov.

**DONE AND ORDERED** in the Southern District of Florida on November 6, 2026.



**HON. ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**